<u>**Hearing Date & Time**</u>
**August 6, 2014@ 10:00 am**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
**In Re:**                                            Chapter 11

**STAGE PRESENCE INCORPORATED,**          Case No.: 12-10525 (ALG)

                                    **Debtor.**
-----------------------------------------------------X

**APPLICATION FOR AN ORDER FURTHER EXTENDING**
**DEBTOR'S TIME TO CONFIRM SMALL**
<u>**BUSINESS PLAN OF REORGANIZATION**</u>

TO:    THE HONORABLE ALLAN L. GROPPER,
       UNITED STATES BANKRUPTCY JUDGE:

          The application of Stage Presence Incorporated, the debtor and debtor in

possession (the ōDebtorö), by its attorneys, Shafferman & Feldman, LLP, seeking entry of

an order pursuant to sections 1121(e)(3), and 1129(e) of title 11 of the United States Code

(the "Bankruptcy Code") further extending the Debtor's time to confirm its small business

plan of reorganization for one hundred and twenty (120) days from August 13, 2014

through and including December 11, 2014, and granting such other and further relief as

this Court deems just and proper, respectfully alleges:

<u>**BACKGROUND**</u>

          1.    The Debtor is a New York State corporation in operation since

October 1985. Its primary business is television production, with occasional work in film

and corporate events. During its existence it has produced 200 (plus) programs and/or

events for many well-known television networks and corporate brands.

2.      On February 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      On March 27, 2012, the Office of the United States Trustee appointed a Committee of Unsecured Creditors in this case (the "Committee"). The members of the Committee are KZ Video Consultants, Inc. and Alan Adelman. The Committee has not as yet retained counsel.

4.      Since this is a "small business case", the Debtor was required to file a plan of reorganization and disclosure statement within the first three hundred (300) days after the commencement of this case.

5.      On December 3, 2012, the Debtor timely filed a plan of reorganization and disclosure statement with this Court. [Case Docket Nos. 31 and 32]. The principal means of implementation of the Plan is any recovery by the Debtor in its adversary proceeding entitled <u>Stage Presence Incorporated v. Geneve International Trust, Ronald L. Bartholomew, Trustee, and Stephen Menner</u> (Adversary Proceeding Number 12-01561) pending in the United States Bankruptcy Court for the Southern District of New York (the "Adversary Proceeding").

6.      The defendants in the Adversary Proceeding filed a motion to dismiss the Adversary Proceeding. Oral argument in connection with this motion was held before this Court on December 14, 2012, and on January 17, 2013, the Court issued in order denying the dismissal motion, in significant part. On February 22, 2013, counsel for the Defendants in the Adversary Proceeding filed a Motion to Withdraw as Attorney and

Stay Proceedings for Fourteen Days (the "Withdrawal Motion").  After a hearing was held

before this Court on March 19, 2013, this Court signed a Counter Order granting the

Withdrawal Motion and fixing April 15, 2013 as the deadline by which the Defendants

must either file an answer or otherwise respond.

       7.     Since the Defendants had not filed any answers or responses by

April 26, 2013, the Debtor filed Requests for Clerk's Entry of Default pursuant to

Bankruptcy Rule 7055 as to Geneve International Trust ("GIT") and Ronald Bartholomew

("Bartholomew") [Adv. Pro. Docket No. 35].   On April 30, 2013, the Clerk of the

Bankruptcy Court entered Default against GIT and Mr. Bartholomew [Adv. Pro. Docket

Nos. 36 and 37].   On May 10, 2013, the Debtor filed a motion for default judgment (the

"Motion for Default Judgment") pursuant to Federal Rule 55 and Bankruptcy Rule 7055

against GIT and Bartholomew [Adv. Pro. Docket Nos. 39 and 40].

       8.     On or about May 31, 2013, GIT retained Saul Ewing LLP ("SE") as

its attorney in the Adversary Proceeding, and on May 31, 2013, SE filed a Notice of

Appearance on behalf of GIT [Adv. Pro. Docket No. 42]. On or about May 31, 2013,

Bartholomew retained Ruskin Moscou Faltischek, P.C. ("RMF") as his attorney in the

Adversary Proceeding, and on June 2, 2013, RMF filed a Notice of Appearance on behalf

of Bartholomew [Adv. Pro. Docket No. 43].

       9.     Upon GIT and Bartholomew obtaining counsel, the Debtor, GIT and

Bartholomew (collectively, the "Parties"), by their respective attorneys, discussed the

procedural matters, substantive claims, defenses, and issues in the Adversary Proceeding.

These discussions gave rise to the execution of stipulation providing for: (i) entry of an

Order vacating the Clerk's Entries of Defaults against GIT and Bartholomew; (ii) withdrawal of the Debtor's Motion for Default Judgments without prejudice; and (iii) referral of all remaining claims in the Adversary Proceeding to arbitration (the "Arbitration").  This stipulation was approved by the Court on July 16, 2013 [Adv. Pro. Docket No. 42].

10.     Thereafter, the parties to the Adversary Proceeding agreed to have the dispute decided by an arbitration proceeding conducted under the auspices of JAMS. One of JAMS' neutrals, Vivien B. Shelanski, Esq., was selected as the arbitrator (the Arbitrator").

11.     On April 1, 2014, RMF filed a second motion to withdraw as counsel for Bartholomew [Adv. Pro. Docket No. 57].  This Court entered an order on April 10, 2014 neither granting nor denying RMF's second motion for withdrawal of counsel, but directing that all disputes in the Adversary Proceeding be "addressed and resolved in the arbitration proceeding." [Adv. Pro. Docket No. 62].

12.     Bartholomew has represented himself in the Arbitration but has refused to pay any fees to JAMS.  Therefore, the Debtor has had to fund the Arbitration in order to enable it to proceed.

13.     After conference calls were conducted by the Arbitrator, the following dates were scheduled in connection with the Arbitration:

June 23:  Document exchange and witness list exchange;
June 27: Telephone status conference; and
August 4-7: Hearing, JAMS, New York.

14.     On June 18, 2014, the Arbitrator mailed a Notice of Hearing scheduling the Arbitration for August 4-7, 2014. On or around July 2, 2014, the Debtor remitted the necessary funds to pay for two days of the four days of hearings scheduled with Arbitrator Vivien Shelanski (August 4 & 5, 2014), as required by JAMS to reserve hearing dates pursuant to JAMS Comprehensive Rule 31₁, since Bartholomew refused to pay his pro rata portion of the arbitration fees. JAMS has removed from its calendar, at no charge, the hearings scheduled for August 6 & 7.

15.     In early July, 2014, the undersigned was advised that Bartholomew requested that the Arbitration be adjourned for 30 days due to his purported lack of funds. Upon hearing of Bartholomew's request for a postponement of the Arbitration, the Debtor's principal, Allen Newman, sent a letter to the Arbitrator, a copy of which is attached to as Exhibit "A", urging that Bartholomew's request be denied.

16.     After a telephonic conference call was held on July 9, 2014, the Arbitrator issued an order, a copy of which is attached to as Exhibit "B", adjourning the Arbitration from August 4 and 5, 2014 to September 8 and 9, 2014, and decreeing "No further postponements will be granted."

---

1 **Rule 31. Fees**

(a) Each Party shall pay its *pro rata* share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the Arbitration, unless the Parties agree on a different allocation of fees and expenses. JAMS' agreement to render services is jointly with the Party and the attorney or other representative of the Party in the Arbitration. The non-payment of fees may result in an administrative suspension of the case in accordance with Rule 6(c).

(b) JAMS requires that the Parties deposit the fees and expenses for the Arbitration from time to time during the course of the proceedings and prior to the Hearing. The Arbitrator may preclude a Party that has failed to deposit its *pro rata* or agreed-upon share of the fees and expenses from offering evidence of any affirmative claim at the Hearing.

(c) The Parties are jointly and severally liable for the payment of JAMS Arbitration fees and Arbitrator compensation and expenses. In the event that one Party has paid more than its share of such fees, compensation and expenses, the Arbitrator may award against any other Party any such fees, compensation and expenses that such Party owes with respect to the Arbitration.

(d) Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of JAMS' assessment of fees. JAMS shall determine whether the interests between entities are adverse for purpose of fees, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the

## ARGUMENT

17.    The Debtor is a "small business debtor", within the meaning of section 101(51D) of the Bankruptcy Code.  In the 2005 amendments to the Bankruptcy Code, Congress added certain specific, time-sensitive provisions for small business debtors seeking to confirm a plan or reorganization.  In section 1121(e)(1), the Bankruptcy Code addresses the small business debtor's time to file a plan and disclosure statement, by first providing that only the debtor may file a plan for the first one hundred and eighty (180) days after the date of the order for relief, but that the debtor must file a plan within three hundred (300) days. Under section 1121(e)(2), the 180-day exclusivity period may be extended for cause, but only to a date which is no more than 300 days after the date of the order for relief.

18.    In a small business case, regardless of the date on which the plan is filed, the Court must confirm an appropriate plan within forty-five (45) days after filing, pursuant to section 1129(e), which provides as follows:

> [i]n a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e)(3) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).  In re Amap Sales & Collision, Inc., 403 B.R. at 246.

19.    Limited case law has developed interpreting section 1121(e)(3)(A), and, specifically, the evidence required for the Court to find by "a preponderance of evidence that it is more likely than not that the court will confirm a plan within in a reasonable amount of time."  In re Amap Sales & Collision, Inc., 403 B.R. 244, 246

Arbitration.

(Bankr. E.D.N.Y. 2009)(quoting In re: In re: <u>Safeguard-RX, Inc.</u> Slipcopy, No. 08-31552-

H3-11, 2009 Bankr. LEXIS 217, 2009 WL 249767 (Bankr. S.D. Tex. Feb. 2, 2009)).

20.    The inquiry under section 1121(e)(3)(A) ̈is not so much whether

the evidence shows the plan will likely be confirmed, but rather whether the evidence

shows that it is *unlikely* that the debtor will ever get a plan confirmed within a reasonable

time. ̈ <u>In re: New Hope Christian Chur</u>ch, 2013 WL 4827849 (Bankr. E.D. N.C.

September 9, 2013) (quoting <u>JMC Outfitters</u>, 2009 WL 2046043 (Bankr. W.D. Tex., May

25, 2009)). The Court in <u>JMC Outfitters</u> recognized that ̈[a] better reading of the

admittedly inartfully drafted statutory language seems to be that the court should focus on

the issue of ̶within a reasonable period of time. ̈ <u>JMC Outfitters</u>, 2009 WL 2046043, at

*2 (citing 11 U.S.C. § 1121(e)(3)(A)). In <u>Amap Sales & Collision, Inc.</u>, the court noted

that it ̈does not need to find that Debtor can confirm *the filed* Plan, only that it can

confirm *a* Plan. ̈ <u>In re Amap Sales & Collision, Inc.</u>, 403 B.R. at 250.

21.    The Debtor believes that it can satisfy its burden of proof under

section 1121(e)(3) since it has filed its plan and disclosure statement and, if the Arbitration

is successful or amicably resolved, it will be able to confirm its Plan and pay creditors a

substantial amount.

22.    As set forth in this application, the Debtor has done everything in its

power to prosecute the Arbitration, despite the attempts by Bartholomew and the other

parties in the Adversary Proceeding to delay the day of reckoning. The Debtor is

steadfastly pursuing the Arbitration, which is scheduled to be held on September 4 and 5,

2014. Moreover, the undersigned has been advised that if the Debtor obtains a judgment in

the Arbitration, it will be able to swiftly enforce the judgment and recover sufficient monies to fund its Plan in this case within a reasonable time.  Therefore the Debtor has shown a sufficient basis to warrant the one hundred and twenty (120) days extension sought herein.

**WHEREFORE,** for all of the foregoing reasons, the Debtor seeks the entry of an order, substantially in the form of the proposed order, a copy of which is attached hereto as Exhibit ôCö, pursuant to sections 1121(e)(3), and 1129(e) of the Bankruptcy Code further extending its time to confirm its small business plan of reorganization for a period of one hundred and twenty (120) days from August 13, 2014 through and including December 11, 2014, and granting it such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 21, 2014

> **SHAFFERMAN & FELDMAN  LLP**
> **Counsel for the Debtor**
> **18 East 41st Street, Suite 1201**
> **New York, New York 10017**
> **(212) 509-1802**
> **By:    /S/ Joel M. Shafferman**
> **Joel M. Shafferman**